Randall L. KIENE,
Respondent-Appellant,

v.

Charlene R. KIENE,
Appellant-Respondent.

No. KCD 30272.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Max W. Foust, E. Wayne Taff, Kansas City, for respondent-appellant.

Robert C. Paden and Michael J. Albano, Independence, for appellant-respondent.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

PER CURIAM.

This is an action for dissolution of marriage wherein both parties appealed from the judgment and decree entered by the court below. The transcript on appeal, consisting of 490 pages, was filed in this Court on December 21, 1978, but the briefing schedule was suspended pending a settlement conference before the Honorable J. Donald Murphy. On March 1, 1979, the parties to this action filed their joint motion requesting that this Court consider this cause upon the record proper without the submission of briefs, and further requested this Court to reverse and remand this cause to the court below with directions that the order, judgment and decree entered below on May 19, 1978, from which this appeal was taken, be modified to correct errors therein, in accordance with the stipulation of the parties, attached to their joint motion. The modifications requested relate only to three items of the decree below pertaining to the division of marital property. The request of the parties is within the authority of this Court upon this appeal and serves to promote judicial economy, and will, if granted, save time and expense of the parties and of the courts, and is authorized by *Koone v. Montgomery et al.*, 114 S.W.2d 713[1] (Mo.App.1938).

The stipulation of the parties filed here is as follows:

"STIPULATION

Come now the parties, by and through their attorneys of record, and stipulate as follows:

1. The above appeal should be submitted upon the record alone, without submission of briefs;

2. The order of the Court below dated May 19, 1978, was in error in the following respects:

a. The Court erred in setting aside to Charlene Kiene as her separate property three-fourths (¾ths) of the stock in Platte County Communication Co.;

b. The Court erred in setting aside to Charlene Kiene as her separate property one-half (½) of the stock in Clay-Platte Home Theatre; and,

c. The Court erred in setting aside to Charlene Kiene as her separate property the amount of Two Thousand Dollars ($2,000.00) in cash, which amount should have been Twenty-Two Thousand Dollars ($22,000.00).

3. The order and judgment of the Court below dated May 19, 1978 was in all other respects correct and without error.

4. The judgment and order of the Court below dated May 19, 1978, should be reversed and remanded with instructions that judgment be entered below as follows:

a. That Charlene Kiene have set apart as her separate property the cash amount of Twenty-Two Thousand Dollars ($22,000.00), and that portion of the order and judgment awarding her Two Thousand Dollars ($2,000.00) in cash should be modified;

b. Randall L. Kiene should have set apart as his separate property all of the stock in Platte County Communication Co., and that part of the order and judgment dividing such stock between the parties should be modified;

c. Randall L. Kiene should have set apart as his separate property all of the stock in Clay-Platte Home Theatre, and that portion of the order and judgment dividing said stock between the parties should be modified; and

d. All other portions of the order and judgment of the Court dated May 19, 1978 should be affirmed and remain as ordered and adjudged by the Court below on May 19, 1978.

PADEN, WELCH, MARTIN & ALBANO, P.C.

By   s/ Michael J. Albano
     Michael J. Albano

By   s/ Robert C. Paden
     Robert C. Paden

Law Building
311 West Kansas
Independence, Missouri 64050
(816) 836–8000

Attorneys for Appellant-Respondent

MORRIS & FOUST

By   s/ Max W. Foust
     Max W. Foust

By   s/ E. Wayne Taff
     E. Wayne Taff

1700 Home Savings Bldg.
1006 Grand Avenue
Kansas City, Mo. 64106
(816) 474–6050

Attorneys for Respondent-Appellant"

Upon consideration of the record proper together with the foregoing stipulation of the parties, it is the view of this Court that the decree below should be amended and modified in the limited respects requested.

The judgment and decree of the court below of May 19, 1978 is therefore reversed and the cause remanded with directions that the same be amended and modified in the respects stipulated to by the parties, as contained in paragraphs 17, 18 and 21 of said judgment, and that said judgment in all other respects remain as originally entered by the court below. The costs of this appeal are assessed equally against each of the parties hereto.