John Denis HAMILTON,
Petitioner–Appellant,

v.

Janis Marie HAMILTON, Respondent–
Respondent.

No. WD 44346.

Missouri Court of Appeals,
Western District.

Nov. 5, 1991.

### ORDER

Michael P. Riley, Carson & Coil, Jefferson City, for petitioner-appellant.

Vonnieta E. Trickey, Hyder, Bratten and Trickey, Jefferson City, for respondent-respondent.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

John Hamilton filed a motion to modify a previously modified dissolution decree by eliminating the requirement that he pay maintenance and to require Janis Hamilton to pay child support. Janis filed a cross-motion to modify by increasing her maintenance award. The court increased the amount of maintenance John was to pay from $350.00 to $400.00 per month and ordered Janis to pay $100.00 per month for the support of one child. John appeals and contends the court erred in failing to eliminate the maintenance payment and in failing to follow Rule 88.01 as to the amount of child support Janis was ordered to pay. Affirmed.

The marriage of John and Janis was dissolved in February, 1985, and by that decree John was ordered to pay maintenance of $550.00 per month to Janis. John was awarded the custody of two minor children, but there was no order for child support to be paid by Janis.

The decree was modified in February, 1989, by reducing the amount of maintenance to $350.00 per month.

Evidence on the present motion was largely undisputed. At the time of the hearing John testified that his monthly income from his work as a pharmacist was $3,458.00. Since the prior modification, John had filed for bankruptcy both as to his business and personally. At the time of the previous modification his monthly income was about $3,000.00 and in addition he had certain benefits from his business such as the use of a car which he estimated gave him an annual income of about $60,-000.00. Janis had a monthly income of $971.00 at the time of the previous modification and at the hearing on this motion stated her monthly income was $1,156.00. This represented her salary from the state

of $1,043.00 and interest on funds received from her family.

John submitted an income and expense statement showing monthly expenses of $4,508.00, including college expenses for the two boys.

Janis filed an income and expense account which showed expenses of $1,358.00 per month. In John's bankruptcy action, his interest bearing promissory note payable to Janis in the amount of $12,500.00 was discharged together with attorney fees which John had been ordered to pay Janis' attorneys.

John first contends the court erred in failing to eliminate the payment of maintenance to Janis because his income had been reduced from over $60,000.00 a year to $3,458.00 per month. In addition, he argues that Janis' income had increased and that he was putting two children through college on his income alone.

As for the education of the two boys, one of the boys has turned 22 and child support is no longer required to be paid for that child. The other boy is 21 and because he is in college child support is still payable. Section 452.340.5, RSMo Cum.Supp.1990.

Janis contends that her employment with the state does not hold any prospect for significant advancement in pay and that her expenses exceed her income at the present time.

■ While John's income had decreased from the date of the last modification, he is still earning over $3,400.00 per month. As a pharmacist he is able to enjoy steady employment at a good salary. By contrast, Janis is a state employee without the prospect of significant advancement in pay. Further, there was evidence from which the court could have found that Janis is not able to meet her monthly needs on her income and for that reason the court did not err in failing to terminate maintenance payments. By the same token the evidence supports the court's order that maintenance be increased from $350.00 to $400.00 per month.

John contends that the court erred in failing to follow Civil Procedure Form 14 in setting the amount of child support which Janis should pay. Pursuant to § 452.340.7, RSMo Cum.Supp.1990, the Supreme Court adopted Rule 88.01 which establishes a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form 14 is the amount of child support to be awarded, unless the court enters a written or specific finding on the record that the amount so calculated is unjust or inappropriate. John contends that the amount of child support which Janis should pay pursuant to the calculation of Form 14 is at least $185.60. The court made a finding that the amount of support determined by using Form 14 as applied to Janis would be unjust because of her earning capacity.

In *Campbell v. Campbell*, 811 S.W.2d 504, 506[1, 2] (Mo.App.1991), this court held that the terms of Rule 88.01 are mandatory and that it is also mandatory that the court make a finding on the record that an amount different from that dictated by Form 14 is unjust or inappropriate. In short, *Campbell* held that the court must make an award of child support in conformity with the result obtained by using Form 14, or it must make a finding on the record that an award of such an amount is unjust or inappropriate. Here, the court made a finding that it would be unjust to require Janis to pay the amount of child support which the calculation made according to Form 14 would produce.

■ The question arises as to the standard of review which this court will apply to review the finding by the trial court that the amount determined by using Form 14 would be unjust. *Campbell* did not reach this question. Rule 88.01 states:

There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the

court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

The relevant factors are listed in Rule 88.-01(a)–(e). These factors include the financial resources and needs of the child, the financial resources and needs of the parents, the standard of living the child would have enjoyed if the marriage had not been dissolved, the physical and emotional needs of the child, and the educational needs of the child. It is apparent that the party against whom the presumption operates must adduce evidence to show that application of the relevant factors supports a finding that Form 14 should not be used. The standard of review for determining whether or not evidence has been introduced which would rebut the presumption is that stated in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

■ In this case there was evidence of the financial resources and needs of Janis which supports the conclusion of the court that the amount of child support calculated under Form 14 would be unjust. After making that finding, the court was required to determine the amount of child support by considering all relevant factors. In that determination the court was required to exercise its discretion. No abuse of discretion is found.

The judgment is affirmed.

All concur.