Ellen M. HACKMANN, Respondent,

v.

Terry Dale HACKMANN, Appellant.

No. 61531.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 16, 1993.

Alan J. Steinberg, Les A. Steinberg, St. Louis, for appellant.

Ellsworth Cundiff, Jr., St. Charles, for respondent.

CRIST, Judge.

Father appeals an order modifying the amount of child support which he must pay to Mother who has custody of the only child of their marriage. We affirm.

Mother and Father were married on May 31, 1980. One child, Diane (Daughter), was born of the marriage on October 12, 1980. They divorced on March 3, 1987. Pursuant to the divorce decree, Mother was awarded primary custody subject to Father's right to reasonable visitation. The divorce decree also provided for Father to pay Mother $65 per week for child support.

On April 25, 1991, Mother filed her Motion to Modify the decree of dissolution alleging a substantial and continuing change in circumstances warranting an increase in child support. Father filed a Cross Motion to Modify. After a hearing on the motions, the motion court entered an order of modification including a change in visitation. The trial court also found a substantial and continuing change in circumstances and increased child support to $115 per week.

Father admits there is a substantial and continuing change in circumstances warranting an increase in child support. In his appeal, he merely asserts the trial court erred in its calculation of the child support. He alleges the trial court erred in its award of child support because it does not comport with Rule 88.01 and Form 14. He asserts the trial court erred in: (1) failing to adjust the child support to reflect the change in visitation; (2) failing to credit payments Father will make for Daughter's health insurance to his child support obligation; (3) failing to consider Father's request for the income tax exemption for Daughter; and (4) failing to adjust the presumed child support amount after consideration of Father's new child he recently had with his second wife.

The modification proceeding was tried on December 19, 1991 and decided by the trial court on January 6, 1992. The record does not include a completed Civil Procedure Form No. 14 filed by either party with the trial court. Rule 88.01 requires the use of Form No. 14 to calculate the presumed amount of child support to be awarded. Rule 88.01; Form No. 14. Rule 88.01 became mandatory on April 1, 1990. In *Ibrahim v. Ibrahim*, 825 S.W.2d 391, 398 [8] (Mo.App.1992), the southern district held that an appellant must show he or she filed a completed Form No. 14 with the trial court before he or she can request appellate review of alleged trial error on that issue. The court reasoned that failure to file a completed Form No. 14 is "akin to pursuing a different theory for recovery on appeal than was pursued at trial." *Id.; See also, Behnke v. Behnke,* 829 S.W.2d 45, 46 n. 5 [5] (Mo.App.1992); and *Bou-*

*dreau v. Benitz,* 827 S.W.2d 732, 737 n. 15 [9] (Mo.App.1992). In the case at hand, Father has not filed a Form No. 14. Because Rule 88.01 was mandatory at the time the modification proceeding came to trial, we find all of Father's claims are barred from appellate review under the reasoning of *Ibrahim.*

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.