**STATE of Missouri, DIVISION OF FAMILY SERVICES and Shavon Robinson, a Minor, by next Friend, Marva J. Robinson and Marva J. Robinson, individually, Plaintiffs/Respondents,**

v,

**James D. WILLIAMS,
Defendant/Appellant.**

**No. 62541.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 13, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

Application to Transfer Denied
Oct. 26, 1993.

William J. Fletcher, Kirkwood, for defendant/appellant.

Kathleen Kiser, St. Louis, for plaintiffs/respondents.

CRAHAN, Judge.

James D. Williams ("Defendant") appeals from the trial court's judgment in a paternity action declaring him to be the father of Shavon Robinson and ordering him to pay child support retroactive to the date of filing and future child support. We affirm.

Shavon Robinson was born on August 19, 1982. On September 7, 1990, the Division of Family Services and Shavon Robinson by next friend, Marva J. Robinson ("Mother"), and Marva J. Robinson, individually, filed an action under the Uniform Parentage Act §§ 210.817 to 210.852 RSMo.Cum.Supp.1990 against Defendant to determine the existence of the father and child relationship and for support. Defendant filed his answer to the petition and denied paternity.

The cause proceeded to trial on July 9, 1992. The trial court sitting without a jury rendered judgment on July 28, 1992. Defendant was declared to be the father and was ordered to pay $427.00 per month in child support and $9,821.00 in retroactive child support. Defendant appeals. On appeal, Defendant raises five points challenging: 1) the declaration of paternity, 2) the amount of child support awarded, and 3) the award of retroactive child support.

■ Our review of this court-tried case is governed by the standards articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, the judgment is against the weight of the evidence or it erroneously declares or applies the law. *Id.* at 32.

### DECLARATION OF PATERNITY

Defendant contends that there was insufficient evidence to support a finding of paternity. Specifically, Defendant argues that the trial court erred in admitting Exhibit 3, the report of blood test results from Roche Biomedical Laboratories, because there are gaps in the chain of custody of the blood samples and the results were not accompanied by explanatory testimony. Defendant complains that the chain of custody certificate does not disclose how the sample was preserved for transportation; the means by which or persons by whom the sample was delivered for transportation; by whom it was received in Burlington; or who it was that transported it to the laboratory.

■ In *State ex rel. K.R. by May v. Brashear*, 841 S.W.2d 754, 757 (Mo.App. 1992), we noted that 1) the trial court has discretion to determine chain of custody issues, 2) a hand-to-hand showing is not required, and 3) the item need not be watched or continually possessed. *Id.* Exhibit 3 contained a client identification certificate which

the laboratory technician signed indicating she had drawn blood from the parties and labeled the tubes. Exhibit 3 also bore a chain of custody certificate signed by the specimen collector indicating that she had packaged the specimen and signed by the receiving technician indicating that the box arrived sealed and without signs of tampering. We find such evidence sufficient to support the trial court's conclusion that a sufficient chain of custody was established.

■ Defendant also complains that the results of the blood test should not have been admitted because no witness testified as to how the results were obtained or as to the meaning of the results. Section 210.834.5 provides in pertinent part:

> A verified expert's report shall be admitted at trial as evidence of the blood test results stated therein unless a written motion challenging testing procedures or the results has been filed and served on each party at least twenty days before the trial, and the motion is sustained by the court. (L.1987, S.B. No. 328, § 11, eff. July 15, 1987).

A claim of error in the admission of blood test results is foreclosed by § 210.834.5 if a motion challenging testing procedures or results is not timely filed and sustained. *Id.* Defendant did not file such a motion. Therefore, the report was correctly admitted.[1]

■ Furthermore, Mother testified that Defendant was the only person she had sexual intercourse with in "November 1991 [sic]," the month she became pregnant, that when Defendant saw Shavon at age four months he said she looked like him and that when Shavon was eight years old Defendant told the child he was her father. As the trier of fact, the trial court is in the best position to judge credibility. *Robinett v. Robinett*, 770 S.W.2d 299, 303 (Mo.App.1989). Here the trial court chose to believe Mother. The trial court may choose to believe or disbelieve any testimony, and the appellate court will defer to

---

1. To the extent that Defendant's somewhat confusing Point Relied On attempts to challenge the form or sufficiency of the certification and verification, or to challenge the foundation for the admission of Exhibit 3 on grounds other than those considered herein, we find that such points were not preserved by a timely objection at trial. When Exhibit 3 was offered, Defendant's objection was solely directed to Mother's testimony about the report. In fact, Defendant's counsel stated that "The certification in the court should be sufficient."

that choice. *Id.* Blood test results and Mother's testimony that she engaged in sexual intercourse with putative father and with no other man during the time she became pregnant will support a finding of paternity. *Id.* Here, the trial court based its finding upon the results of the blood tests and Mother's testimony. Defendant's challenge to the sufficiency of the evidence to support the trial court's finding of paternity is denied.

## AMOUNT OF CHILD SUPPORT

Defendant contends that the trial court erred in setting his child support obligations at $427.00 per month because: 1) the trial court improperly applied Rule 88.01, Form 14; 2) the trial court did not consider the other child he supports; and 3) the plaintiffs sought only $350.00 per month.

■ Defendant contends that the trial court erred by calculating his support payments according to Rule 88.01, Form 14, guidelines because Rule 88.01 does not apply in paternity actions. We disagree. Child support in paternity actions is to be determined in accordance with Rule 88.01. *Schulze v. Haile,* 840 S.W.2d 263 (Mo.App. 1992).

■ Next, Defendant contends that the trial court erred in awarding $427.00 per month in child support pursuant to Form 14 because the court failed to take into account Defendant's support for another child. We disagree. Form 14 allows adjustments for court or administratively ordered child support payments or for a child not the subject of the case, but who is in the custody of one of the parties. *See* Form 14, Mo.R.Civ.P., Directions For Use, Worksheet, line 2a. Defendant does not contend that he is the custodial parent of the other child. Defendant testified that he was paying $300.00 per month *voluntary* support for another child, but did not provide any further evidence of these payments. Consequently, the trial court was not required to take the support into account. Additionally, an appellant must show he filed a completed Form 14 with the

trial court before he can request the appellate court to review an alleged trial court error on that issue. *Hackmann v. Hackmann,* 847 S.W.2d 193, 194 (Mo.App.E.D. 1993) citing *Ibrahim v. Ibrahim,* 825 S.W.2d 391, 398 (Mo.App.1992). The court in *Ibrahim* reasoned that failure to file a completed Form 14 is "akin to pursuing a different theory for recovery on appeal than was pursued at trial." *Id.*

■ At trial Mother submitted a Form 14. Defendant did not file a completed Form 14 with the trial court.[2] Therefore, Defendant has no basis to appeal the trial court's order awarding $427.00 per month according to Rule 88.01 and Form 14.

■ Finally, Defendant contends that the trial court erred in awarding $427.00 per month because Mother only sought $350.00 per month in her petition. In fact, Mother's prayer asked for $350.00 per month "and such other sums as the Court deems reasonable." The trial court had the discretion to award a just amount based on all of the considerations set forth in Rule 88.01. *Harding v. Harding,* 826 S.W.2d 404, 408 (Mo. App.1992). Here, the trial court based its award on Mother's Form 14, which supports the amount awarded by the trial court. Therefore, Defendant's point is denied.

## RETROACTIVE CHILD SUPPORT

■ Defendant contends that the trial court erred in ordering retroactive child support because there was no substantial evidence that the mother had made expenditures for Shavon or that any expenditures, if made, were in reasonable amounts. In *Roberts v. Alford,* 832 S.W.2d 331 (Mo.App.1992), the putative father challenged the award of back support from the time of filing to the date of decree, claiming that the award was not supported by the evidence. We found that the evidence establishing the putative father's earnings during that period and the absence of earned income by the mother supported the award. *Id.* at 332–33.

**2.** Mr. Williams filed a post trial motion on August 27, 1992 requesting the trial court to consider his Form 14. The motion was not heard for

failure to give the prosecuting attorney proper notice.

Here, the court calculated the retroactive child support by multiplying the amount of future child support per month by the number of months from the date of filing to the entry of the order establishing paternity. The evidence in this case establishes Defendant's income during the period in question and the absence of earned income by Mother. Therefore, the award was supported by substantial evidence. Accordingly, Defendant's point challenging the retroactive child support is denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and CRANE, J., concur.