STATE of Missouri, DIVISION OF FAMILY SERVICES, et al.,
Plaintiffs/Respondents,

v.

A.J., Defendant/Appellant.

No. 62950.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1994.

Application to Transfer Denied
April 26, 1994.

Rochelle A. Kaskowitz, St. Louis, for defendant/appellant.

Randye W. Rosser, St. Louis, for plaintiffs/respondents.

CRAHAN, Judge.

A.J. (Defendant) appeals from the trial court's judgment in a paternity action ordering him to pay the state for unreimbursed support for the child, ("Son"), and to pay monthly child support retroactive to the date the petition was filed. We affirm the judgment as modified.

Son was born on July 20, 1989. On June 28, 1990, the Division of Family Services, Son by his next friend and Mother, and Mother individually filed suit against Defendant for declaration of paternity and an award of child support. Defendant denied paternity. The cause proceeded to trial on September 10, 1992. The trial court found that Defendant was the father and ordered him to pay the Division of Family Services unreimbursed child support (AFDC) in the amount of $3,527.10 for payments made by the state from Son's birth until the date of trial and to pay monthly child support of $508 retroactive to the date the petition was filed. Defendant appeals.

Our review of this court-tried case is governed by the standards articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, the judgment is against the weight of the evidence or it erroneously declares or applies the law. *Id.* at 32.

Defendant contends on appeal that the trial court erred in calculating monthly child support for Son. Specifically, Defendant argues that the trial court failed to consider Defendant's support of another child as a "relevant factor including ... the financial income and needs of the parents" as required by Rule 88.01(b). Thus, Defendant

urges, the trial court improperly calculated the amount of child support on Form 14.[1]

At trial, Mother testified to the duration and details of her relationship with Defendant. The details included occasions when she visited Defendant at his home, which was described in some detail. Blood test results established the probability of paternity at 99.85%.[2]

Defendant testified that he was not the father and did not know Mother personally. According to Defendant, he had seen Mother around on two occasions but had never given her a ride, spoken with her on the telephone or had any other kind of relationship with her.

During examination by his counsel, Defendant also denied that Mother had ever been to his home. Defense counsel then asked if Defendant lived alone and Defendant replied that he did at the time of trial, but up until a month before his daughter had stayed with him and before that his fiancé had lived with him. Following up on Defendant's reference to his daughter, counsel questioned Defendant about his children. Defendant testified that he had a sixteen year old daughter and two other children who were twenty. He was not married to their mother but said he "supported" the children. Defendant said that his sixteen year old daughter lived in Jefferson City but had visited with him for a summer and had lived with him full time the previous year to attend school in his district. In addition, Defendant claimed that he had asked that his name be placed on her birth certificate so she could be carried on his insurance at work. The record is silent as to whether this occurred.

After Defendant's attorney and Plaintiffs' attorney announced they had nothing further to ask Defendant, the following occurred:

THE COURT: Well, wait a minute. Let me just ask you something, [Defendant].

QUESTIONS BY THE COURT:

Q. Do you support another child now?

A. Yes.

Q. How much do you pay for that child?

A. Well, see, she's been—she was living in the home with me up until this September. She just went and moved to Jefferson City, but I—.

Q. Is there any court order?

A. No, I support her, you know.

Q. Okay. All right. But she's out of your home right now; is that correct?

A. Right. Yes. As of this month.

THE COURT: All right.

MISS HOWLETT: (Defendant's Counsel) We figured the child support guidelines amount prior to the testimony.

MISS ROSSER: (Plaintiffs' Counsel) I agree.

MISS HOWLETT: Therefore, I mean the guidelines do not—are not based on the amount. It's based on the amount of children. And there's been evidence that there's another child now, which would alter the prior figures.

THE COURT: But there's no court order relating to that other child, Miss Howlett, you see?

MISS HOWLETT: I understand that. I understand that.

THE COURT: Yeah. So I mean—

MISS HOWLETT: But that still—it would affect the amount under the guidelines. I mean there's nothing that says there has to be a court order regarding the support of another child.

THE COURT: He has to be supporting a child.

[DEFENDANT]: Yes, I do. I have documents[3] that I—I think it's been established by Division of Family Services that I do support her, because last year she went—her mother was on Welfare, and a lady from Division of Family Ser-

---

1. Defendant has not challenged on appeal the sufficiency of the evidence to support the trial court's findings with respect to paternity, the amount of his income or the amounts expended for Son's support.

2. The trial court further found that Son, who was present at trial, bore a strong physical resemblance to Defendant.

3. Neither the transcript nor the legal file indicate that any documents were produced or offered at trial.

vices came after me and then I had to support a document from the school to show that she was in the home with me, plus a document from the school to show that she was, you know, going to school in my district and living with me, and then Family Services ruled that well, you know, I supported her.

MISS HOWLETT: The reason there's no court order is because there's never a case demanding him to support her, in which he then did support her.

THE COURT: Let the record show that the cause was heard and submitted.

On appeal, Defendant does not dispute that Rule 88.01 and Form 14 are applicable in determining the proper amount of child support in a paternity action. *State, Div. of Family Serv. v. Williams,* 861 S.W.2d 592, 595 (Mo.App.1993). Further, Defendant acknowledges that Form 14 expressly provides an allowance for child support of a child not in the parent's custody[4] only in circumstances where the amount of such support is fixed by court or administrative order. *See* Form 14, line 2a. Defendant maintains, however, that omission from the form of any provision for non-court ordered support does not preclude its consideration as a "relevant factor including ... the financial resources and needs of the parents" as provided in Rule 88.01(b).[5]

We do not need to reach this issue, however, because even assuming *arguendo* that the trial court should consider non-court ordered support of another child as a relevant factor under Rule 88.01, Defendant did not adduce any evidence to show how the application of that factor would support a finding that the amount calculated in accordance with Form 14 would be unjust or inappropriate.[6]

The terms of Rule 88.01 are mandatory, and courts must either award child support in conformity with the results obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate. *Hamilton v. Hamilton,* 817 S.W.2d 937, 939 (Mo. App.1991). Rule 88.01 also states that there is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. The party against whom the presumption operates must adduce evidence to show that application of the relevant factors supports a finding that Form 14 should not be used. *Id.* at 940.

Defendant testified that he "supported" another child and that this child had been with him for the summer and the previous school year. Defendant did not contend

---

**4.** The Comments to Form 14 also provide for consideration of direct and unreimbursed support for a child not the subject of the case but who is in the custody of one of the parties. Recent amendments to Form 14, promulgated by the Missouri Supreme Court on November 23, 1993 to become effective on April 1, 1994, clarify the manner in which such custodial support is to be taken into account. 863 S.W.2d LXIX–LXXIX (1993). In an initial custody proceeding or a motion to modify filed by the other parent, the chart amount for the number of other children in the parent's primary physical custody (based solely on that parent's separate income) is to be deducted from that parent's income prior to calculating the child support for the child who is the subject of the proceeding. *See* Revised Form 14, line 2c and related Directions. However, such amounts may not be considered in a proceeding to modify child support filed by the parent claiming such an allowance. *Id.* Defendant made no claim at trial or on appeal that he has custody of his sixteen year old daughter so the application of this provision is not before us in this appeal.

**5.** Rule 88.01 provides in relevant part:

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:
....
(b) the financial resources and needs of the parents;

**6.** For the same reason, we need not reach or decide Defendant's constitutional challenge to Form 14 in which Defendant maintains that consideration of court or administratively ordered child support payments but not payments made in the absence of such an order deprives parents and children receiving voluntary payments of their constitutional rights pursuant to the Equal Protection Clauses of the United States and Missouri Constitutions. Likewise, we need not consider whether review of Defendant's points relating to child support are barred by *Ibrahim v. Ibrahim,* 825 S.W.2d 391 (Mo.App.1992), or subsequent cases by reason of his failure to file a Form 14.

that the child was still living with him, and he acknowledged that the child was now living in Jefferson City. Defendant did not offer any evidence as to *any amount* he had actually expended for the support of this child or that he would be expending for support of the child in the future.[7] Consequently, Defendant did not adduce any evidence that would support a finding that application of Form 14 would be unjust.[8] Under such circumstances, we find no error in the trial court's calculation of child support for Son in accordance with Form 14.

■ Next, Defendant asks that we remand the case to the trial court so that the judgment may be amended. The trial court ordered Defendant to pay $3,527.10 to the Division of Family Services for unreimbursed public assistance, paid for Son from the time of his birth to the date of trial.[9] The trial court also ordered that the $508 monthly child support be retroactive to June 28, 1990, the date the petition was filed. Thus, Defendant was ordered to pay both unreimbursed support and monthly child support payments for the time period from June 28, 1990 through September 10, 1992, the date of trial.

The parties have entered into a stipulation asking this court to remand this case for entry of an order which amends the original order by removing from the Findings of Fact the words "[s]aid payments should be retroactive to June 28, 1990" and deleting the portion of the Order, Judgment, and Decree of Court which states "[s]aid Order shall be retroactive to June 28, 1990" and replacing it with "[s]aid monthly child support order shall take effect as of the date of trial, September 10, 1992."

■ Appellate courts may enter orders based on the parties' stipulations. *See Kiene v. Kiene,* 579 S.W.2d 849, 850 (Mo.App.1979). Upon review of the record and the parties' stipulation, we find that the original order should be amended in the limited respects requested. However, remand is unnecessary because this court may enter the judgment that the trial court should have entered. Rule 84.14. Accordingly, the judgment of the trial court is hereby modified by deleting from the Findings of Fact the words "said payments should be retroactive to June 28, 1990," deleting from the Order, Judgment and Decree the words "said Order shall be retroactive to June 28, 1990," and replacing the latter phrase with "said monthly child support order shall take effect as of the date of trial, September 10, 1992." As so modified, the judgment of the trial court is affirmed.

CRANE, P.J., concurs.

KAROHL, J., dissents in a separate opinion.

---

7. The dissent asserts that plaintiffs do not contest Defendant's paternity of his daughter or that he is supporting her. Failure to "contest" Defendant's uncorroborated testimony on a matter not pleaded by Defendant and upon which he bears the burden of proof surely cannot be taken as an admission that Defendant's assertions are true. Aside from its determination that there was no court or administrative order for support, the trial court made no finding as to either Defendant's paternity or support of daughter, although it plainly found Defendant not credible with respect to his denial of paternity of Son. Nevertheless, the dissent would remand with directions to receive additional evidence on paternity of the daughter and the nature and extent of her actual support, if any, provided by Defendant. The parties have already had the opportunity to offer such evidence as they pleased. Neither the trial court nor the plaintiffs were under any obligation to elicit evidence in Defendant's behalf, nor did Defendant offer any evidence that was excluded. We know of no authority which would authorize a remand based on speculation that Defendant might produce more or better evidence the next time around.

8. Contrary to the views advanced in the dissent, even assuming for purposes of argument that the trial court believed that Defendant had a sixteen year old daughter and that he was "supporting" her in some fashion, use of the Form 14 amount does not in any way fail to recognize Defendant's continuing legal obligation to support his other children, nor does it necessarily affect the level of support the absent child will receive. In view of Defendant's substantial income, it can hardly be said that the amount of the award would necessarily preclude him from continuing to provide reasonable support for his daughter, or that, as a matter of law, the Form 14 amount would be unjust or inappropriate under the circumstances.

9. Mother had been receiving AFDC for Son since the time he was born and had assigned her right to child support to the State of Missouri.

KAROHL, Judge, dissenting.

I dissent because the trial court failed to follow the mandate of Rule 88.01. That rule directs the court to consider all relevant factors including "the financial resources and needs of the parents." Rule 88.01(b). As a matter of law defendant is obligated to support his sixteen-year-old daughter. *Dycus v. Cross,* 869 S.W.2d 745, 750 (Mo. banc 1994). It is not possible to determine father's financial resources and needs without consideration of the extent of his support obligation for his daughter. During the trial in the present case the trial court clearly expressed the view that as a matter of law the support of the daughter was not relevant. The source of that opinion may be either the format of Form 14 or a series of appellate cases, or both. The majority assumes *arguendo* that the trial court should consider non-court ordered support for another child not residing with the father as a relevant factor under Rule 88.01. It then affirms solely because father failed to offer evidence as to the nature and extent of the support and in the absence of that evidence this court cannot determine that the child support awarded for his son "would be unjust or inappropriate."

Rejection of the appeal because of the absence of evidence regarding the support of defendant's daughter is "unjust or inappropriate" for two reasons. First, during the trial the court repeatedly expressed the opinion that in the absence of a court order the support of the daughter was irrelevant and could not be considered. It made a finding of fact which related only to the absence of any evidence that father was supporting under a court order. The court made no finding regarding support for a daughter who recently left defendant's home where his support was not under a court order. Second, defendant was asked how much he paid for the support of his daughter. When he began to answer the court interrupted with another question, "Is there any court order?" On this record we are obligated to review father's claims of error on the merits or remand in order that the missing evidence can be supplied. The majority assumed, without support in the record, that the amount of the

child support for son is not unfair or unjust to either defendant or his sixteen-year-old daughter. That finding of fact would be a matter for the trial court, but was not considered by the trial court. It repeatedly expressed the opinion that the amount of child support paid to defendant's daughter is irrelevant.

The opinion of the trial court that support of some children is irrelevant has support in Form 14 and in a series of appellate cases. They may be the cause of the error. Form 14 does not provide a place to record and to consider support for a child not residing with a parent where that support is not in response to a court or administrative order. Because of an obligation to support children the actual support of a child is relevant. The absence of a category on Form 14 for the support of a child not under court order does not make the evidence of actual support of all children irrelevant.

Some recent cases have drifted into the view Form 14 may be construed to exclude consideration of the support of another child not under court order. If those cases are construed to make such evidence irrelevant under Rule 88.01 then they should be reconsidered. The focus in each case was the requirement of filing a Form 14 to be a prerequisite to contesting the amount of child support ordered. No distinction is made in those cases between: (1) a claim of error that the amount of the award is excessive solely on the basis of evidence of ability to pay and need of child; and, (2) a claim of error that the trial court did not follow the mandate of Rule 88.01 and mechanically, but improperly, applied Form 14. There is, at least, confusion traceable to *Ibrahim v. Ibrahim,* 825 S.W.2d 391 (Mo.App.1992); *Hackmann v. Hackmann,* 847 S.W.2d 193 (Mo.App.E.D. 1993); *Division of Family Services v. Williams,* 861 S.W.2d 592 (Mo.App.E.D. 1993).

In *Ibrahim,* the court was asked to consider a claim that a $200 per month child support award was error because it did not conform with the provisions of Rule 88.01(e). Because father did not file a Form 14, the court concluded that a claim on appeal that the court erred in entering a child support

award inconsistent with the form was "akin to pursuing a different theory for recovery on appeal than was pursued at trial." *Ibrahim*, 825 S.W.2d at 398. The express basis of this comment was that the court would not review for error on an issue that was not before the trial court. In the present case, the issue of number of children and the need to consider the existence of two children as a relevant factor was before the trial court. Father's counsel argued for the requirement that the court determine and consider that father was supporting his sixteen-year-old daughter. Further, in *Ibrahim*, the only issue was the amount of the award, not whether the court mechanically committed an error in determining the amount of available income before utilizing the Schedule. Finally, there was no place on the original Form 14 to record information for support of a child not subject to court order and not in custody. The rationale of *Ibrahim* is not applicable to the present case where the appeal issue was a trial court issue on the same theory.

This court cited *Ibrahim* with approval in *Hackmann v. Hackmann*, 847 S.W.2d 193 (Mo.App.E.D.1993). In *Hackmann*, there were four issues proposed by father on appeal. The first three related to the amount of child support in an order to modify. On the basis of *Ibrahim*, father's failure to file a Form 14 foreclosed review on those issues. However, the fourth issue was that the trial court failed to adjust the finding of available income for child support by considering support of father's child he recently had with his second wife. For our purposes the issue was failure to adjust gross income by subtracting support for a new baby by second wife to determine the earnings figure to use on the Schedule. That issue was before the trial court in *Hackmann*. It did not constitute a different theory on appeal than was presented to the trial court and the nature of the claimed error was a miscalculation for failure to comply with the rule and the form, not an award not supported by the evidence. We held father's claim of error was foreclosed for failure to file a Form 14. *Hackmann*, 847 S.W.2d at 194.

I find the additional child issue was not the same error ruled in *Ibrahim*, nor is there reason to exclude review of a claim the court mechanically erred in determining the available income figure to be applied to the Schedule. If the *Ibrahim* rule is applied to prevent review of a purely mechanical error then it would not be possible for a supporting parent to appeal an award of child support for one child, where the award is actually based on the figure provided in the Schedule for two children, merely because appellant did not file a Form 14. That result was not required by the *Ibrahim* decision and cannot be sustained.

In *Division of Family Services, et al. v. Williams*, 861 S.W.2d 592 (Mo.App.E.D. 1993), this court considered a claim of error by father that the court failed to take into account his support for another child. We there observed that father testified he was paying $300 per month *"voluntary"* support for another child, but did not provide any further evidence of these payments.[1] We concluded that as a consequence the trial court need not consider support of other children if not done under an order. We also concluded that because father failed to file a Form 14 with the trial court he could not request review of the child support award, citing *Hackmann* and *Ibrahim*.

During the trial father repeatedly urged the court to consider the support of the daughter. The claim of error on appeal is therefore precisely the same as that presented to the trial court. The record is sufficient to review the claim of error as a matter of law, to wit: whether the court erred in failing to include and consider the fact that defendant was supporting his sixteen-year-old daughter because that is a relevant factor under Rule 88.01. The State of Missouri, Division of Family Services is a plaintiff in this lawsuit. Understandably, they have never taken the position that the support of the daughter is not a relevant factor. DFS did not engage in any response to father's position that it was a relevant factor or to

---

1. Even if that was his testimony it was not accurate as a matter of law. Failure to support a child is a criminal offense.

expressions of the trial court that it was irrelevant.

I would reverse and remand to offer plaintiffs an opportunity to contest father's paternity of the daughter and his support, if any. It was not necessary for them to oppose that evidence when the trial court considered his paternity and his support irrelevant. This would offer father an opportunity to answer the question as to how much he paid for the support of his daughter. With this evidence the court could comply with the requirement of Rule 88.01. Without this evidence it is impossible to determine that the award for Son is "just" or "unjust." It is certain that the trial court did not comply with the requirements of Rule 88.01. For that reason it misapplied the law.