STATE of Missouri, DIVISION OF FAMILY SERVICES, Assignee, and Cloris Banks Warren, individually and as next friend of Cloris Ashle Nicole Banks, Petitioners/Respondents,

v.

William L. SLATE, Respondent/Appellant.

No. 71713.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 27, 1998.

John P. Dockery, Jr., Asst. Circuit Atty., City of St. Louis, for State of Missouri.

Bruce Eastman, Florissant, for Petitioners/Respondents.

Stephen J. Nangle, Nangle & Nangle, P.C., St. Louis, for Respondent/Appellant.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

*ORDER*

PER CURIAM.

William Slate (father) appeals from a judgment of the Circuit Court of the City of St. Louis in favor of the State of Missouri, assignee, and Cloris Banks Warren (mother), individually and as next friend of Cloris Ashle Nicole Banks (collectively petitioners), ordering father to pay child support to mother. We affirm.

In his first point, father contends that the court erred in awarding mother retroactive child support to the date of service of her petition in that: (1) its reliance on statutory amendments in 1993 was misplaced since his substantive rights in a proceeding instituted in 1987 were adversely affectedbarring retroactive application of such amendments; and (2) petitioners failed to adduce any evidence of past support already incurred as required by Section 210.841(4) RSMo 1996.

Section 210.841(7) RSMo 1996, enacted in 1993, provides:

7. Any award for periodic child support may be retroactive to the date of the service of the original petition upon the obligor.

The constitutional prohibition against laws that operate retrospectively applies if the law in question impairs a vested right or affects past transactions to the substantial prejudice of the parties. *Dial v. Lathrop R–11 School Dist.*, 871 S.W.2d 444, 447[3] (Mo.banc 1994). A statute which deals with procedure only is applicable to all pending cases, that is, those cases not yet reduced to a final, unappealable judgment. *State ex rel. Faith Hosp. v. Enright*, 706 S.W.2d 852, 854 (Mo.banc 1986). Procedural law prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit. *Wilkes v. Missouri Highway and Transp. Com'n*, 762 S.W.2d 27, 28[1] (Mo.banc 1988).

The right to obtain retroactive child support for an illegitimate child existed prior to the enactment of Section 210.841(7) RSMo 1996. *See McNulty v. Heitman*, 600 S.W.2d 168, 171–2 (Mo.App.1980). Our review of Section 210.841(7) RSMo 1996 indicates that this provision does not create a child's right to support but prescribes a method of enforcing the right and its application does not impair a vested right or affect a past transaction to the substantial prejudice of father, therefore, the trial court did not err. Additionally, petitioners introduced evidence of

the parties relevant incomes by federal tax forms and a Form 14 for each of the years involved. The trial court based its calculations of retroactive child support on the evidence. Therefore, the award has substantial evidentiary support. *See State, Div. of Family Services v. Williams*, 861 S.W.2d 592, 595–6[10] (Mo.App.1993).

In his second point, father contends that the trial court erred in awarding any relief prior to the May 1996 stipulation as to his paternity since his demand for a jury trial was not prosecuted within ninety days as required by Section 210.839(4) RSMo 1996. We have reviewed the record and the briefs and find that no error of law appears. As an opinion would have no precedential value, we affirm the judgment pursuant to Rule 84.16(b).