Junior EDGAR and Florence Edgar, Plaintiffs/Counter–defendants–Respondents,

v.

James BEEBE, et al., Defendant/Counter–claimant–Appellant.

No. 27373.

Missouri Court of Appeals, Southern District, Division One.

Dec. 5, 2006.

Keith E. Witten, Kansas City, for appellant.

Mark A. Stephens, Aurora, for respondent.

Before RAHMEYER, P.J., PARRISH, J., and SCOTT, J.

PER CURIAM.

This case involves a neighborhood dispute with numerous claims and counterclaims made by the parties in the trial court. On appeal, James Beebe ("Appellant") seeks relief from the judgment entered against him on several counts of the third amended petition filed by Junior and Florence Edgar ("Respondents"). The record on appeal was filed on September 21, 2006; the parties have not filed briefs in the matter. The parties have, however, filed with this Court a joint stipulation and settlement agreement asking this Court to reverse the judgment and set aside certain parts thereof after consideration of the record proper.

The request of the parties is within the authority of this Court. *McCormick v. McCormick,* 932 S.W.2d 828, 829 (Mo.App. S.D.1996); *State, Div. of Family Services v. A.J.,* 872 S.W.2d 594, 598 (Mo.App. E.D. 1994); *Kiene v. Kiene,* 579 S.W.2d 849, 849 (Mo.App. W.D.1979). "Giving it effect would not only promote judicial economy, but would also save time and expense for the parties." *McCormick,* 932 S.W.2d at 829. Thus, appellate courts may grant such relief based upon the stipulation of parties after reviewing the agreement and the record on appeal. *Id.; A.J.,* 872 S.W.2d at 598; *Kiene,* 579 S.W.2d at 849–850.

Therefore, it is the opinion of this Court that, in the interests of judicial economy, the judgment of the trial court shall be reversed based upon a review of the record and in accordance with the stipulation of the parties. The stipulation states in part:

The parties have agreed as a part of their settlement that the judgment entered by the Circuit Court of Barry County, Missouri, Case No. CV100–740–CC on July 20, 2005, should be reversed in part and set aside as follows: (a) The judgment in favor of Respondent Florence Edgar against Appellant James Beebe in the amount of $50,000.00 actual damages on Count II of the Third Amended Petition, (b) the finding that Appellant James Beebe trespassed and the judgment in favor of Respondents Junior Edgar and Florence Edgar against Appellant James Beebe in the amount of $2.00 nominal damages on Count III of the Third Amended Petition, (c) the judgment in favor of Respondent Florence Edgar against Appellant James Beebe in the amount of $50,000.00 punitive damages on Count VII of the Third Amended Petition, (d) the judgment in favor of Respondents Junior Edgar and Florence Edgar against Appellant James Beebe in the amount of $47,500.00 in attorney fees, (e) the injunction against Appellant James Beebe on Counts II, III and V of the Third Amended Petition enjoining the commission of various acts, and (f) the assessment of court costs 75% to Beebe and 25% to [the] Edgars, and instead, each side shall pay their own court costs.

The judgment of the trial court is reversed. On remand, the trial court is ordered to set aside those parts of the judgment as set forth in the stipulation set forth above and enter a new judgment in accordance therewith. In all other respects, the judgment is affirmed.