**Serena Kay REAL, Plaintiff–
Respondent**

v.

**Steven Ray REAL, Defendant–
Appellant.**

**No. 28111.**

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 2007.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, MO, for appellant.

Randy J. Reichard, Lowther Johnson, L.L.C., Springfield, MO, for respondent.

Before PARRISH, P.J., BATES and SCOTT, JJ.

PER CURIAM.

This is an action for dissolution of marriage wherein Steven Ray Real (appellant) appeals from the judgment of the trial court entered July 11, 2006. At trial, the parties, *inter alia*, contested the custody of the two children born of the marriage. On December 19, 2005, the trial court entered a judgment of dissolution, but failed to address the requirements of § 452.375.6, RSMo 2000.[1] Appellant filed a timely, authorized after-trial motion raising this issue, among others, as error. In March 2006, the trial court set aside the December 2005 judgment. For reasons unknown, the court failed to enter a new judgment until July 11, 2006.

In the July 2006 judgment, the court attempted to comply with § 452.375.6, but merely stated that the parenting plan filed by Serena Kay Real (respondent) was in the best interests of the children, that this decision was based on the public policy in § 452.375.4, and that the court considered the relevant factors in § 452.375.2. Although the trial court listed the factors in § 452.375.2, it failed to provide any meaningful discussion or detail the specific relevant factors per the directive of § 452.375.6. Consequently, appellant again filed a timely motion to amend the judgment, or for a new trial that alleged the failure to comply with § 452.375.6 as error. *See* Rule 78.07(c). The motion was overruled and this appeal followed.

The record on appeal was filed on March 15, 2007. The parties have not filed briefs in the matter. The parties have, however, filed with this court a joint motion and stipulation for reversal and remand and requested a new trial.[2] The parties agree

---

1. Although the statute was last amended in 2005, the provisions at issue here have remained virtually unchanged since 2000. Thus, all statutory references are to RSMo 2000, unless stated otherwise. In pertinent part, § 452.375.6 provides: "If the parties have not agreed to a custodial arrangement ... the court shall include a written finding in the judgment or order based on the public policy in subsection 4 of this section and each of the factors listed in subdivisions (1) to (8) of subsection 2 of this section detailing the specific relevant factors that made a particu-

lar arrangement in the best interest of the child."

2. In their joint motion and stipulation, the parties assert that the case was tried and the judgment was entered by Judge Sifferman, who subsequently recused from the case. The parties claim that the case has since been assigned to Judge Meyer. In such an instance, a new trial would be warranted. *See* *State ex rel. Soc. & Rehab. Serv. v. R.L.P.*, 157 S.W.3d 268, 277 (Mo.App.2005).

that the trial court erred when it failed to make the findings required by § 452.375.6.

We have reviewed the record and find that the parties are correct when they assert the trial court erred by failing to make the requisite findings. "Section 452.375.6 does not mandate the need for a written finding on all of the factors listed, but the relevant factors must be detailed." *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo.banc 2005)(footnote omitted). Written findings, *detailing and discussing* all relevant factors, provide for meaningful appellate review. *Buchanan v. Buchanan*, 167 S.W.3d 698, 702 (Mo.banc 2005); *Alberswerth v. Alberswerth*, 184 S.W.3d 81, 90–93 (Mo. App.2006).

Here, the trial court merely listed the § 452.375.2 factors without detailing which were relevant to the case and without discussing why such factors would warrant a finding that the particular custodial arrangement was in the best interests of the children. Thus, the trial court's judgment is not in compliance with § 452.375.6, and reversal and remand is the appropriate remedy. *Speer*, 155 S.W.3d at 61–62; *Huber ex rel. Boothe v. Huber*, 174 S.W.3d 712, 716–17 (Mo.App.2005).

After examining the record and considering the parties' joint motion and stipulation, we find that briefing in this case is unnecessary, and a decision at this juncture will promote judicial economy as well as save time and expense for the parties. *See e.g., Edgar v. Beebe*, 207 S.W.3d 235, 236 (Mo.App.2006); *Hall v. Hall*, 198 S.W.3d 170, 172 (Mo.App.2006). The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.