**Kasey Lee LEWIS, Respondent,**

v.

**Ryan Anthony LEWIS, Appellant.**

**No. SD 28971.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 10, 2008.

William G. Weber, Pineville, for appellant.

Kasey Lee Lewis, pro se.

Before BARNEY and BATES, JJ., and SCOTT, P.J.

PER CURIAM.

This is a dissolution of marriage case wherein Kasey Lee Lewis (Wife) and Ryan Anthony Lewis (Husband) were married in October 2005 and separated in November 2006. One child, Kole Anthony Lewis, was born of the marriage. On February 21, 2008, the trial court entered a judgment fully disposing of the case including provisions for maintenance, child support and custody, division of property and debts, and an award of attorney fees. This appeal by Husband followed.

■ The record on appeal was filed May 19, 2008; the parties have not filed briefs in this matter. The parties have, however, filed with this court a joint stipulation and settlement agreement asking to set aside certain parts of the trial court's judgment after consideration of the record proper and to enter a modified judgment in accordance with their stipulation and settlement. The parties claim the trial court erred when it (1) awarded Wife $400 per month as maintenance; (2) ordered $887 per month in child support; (3) ordered Husband to pay Wife $5000 to equalize the property division; and (4) ordered Husband to pay $1500 to Wife for attorney fees. On July 22, 2008, this court remanded the matter to the trial court for its consideration regarding the propriety of entering a modified judgment in accordance with the joint stipulation and settlement, and to notify this court of its conclusions, so this court could determine whether a modified judgment should be entered in this matter. The trial court subsequently agreed that the stipulation and settlement was "fair, equitable, and in the best interests of the parties and child." The trial court also purported to enter an August 8, 2008 modified judgment in accordance with the parties' stipulation, but acted prematurely in doing so. *See State v. Armstrong,* 605 S.W.2d 526, 530 (Mo. App.1980).

■ That said, the parties' request is within this court's authority. *See, e.g., Edgar v. Beebe,* 207 S.W.3d 235, 236 (Mo.App. 2006); *McCormick v. McCormick,* 932 S.W.2d 828, 829 (Mo.App.1996). "Giving it effect would not only promote judicial economy, but would also save time and expense for the parties." *McCormick,* 932 S.W.2d at 829. "Thus, appellate courts may grant such relief based upon the stipulation of parties after reviewing the agreement and the record on appeal." *Edgar,* 207 S.W.3d at 236. This is especially true when, as here, the trial court has approved a settlement agreement.

After examining the record and considering the parties' joint stipulation and set-

tlement, we find that modifying the trial court's judgment will promote judicial economy as well as save time and expense for the parties and the trial court. Thus, we remand the case with directions for the trial court to enter the modified judgment which it previously but prematurely filed on August 8, 2008. The judgment is affirmed as so modified.