

# Missouri Court of Appeals

## Southern District

### Division One

JOHANNA JETT,                                )
                                             )
                Petitioner/Respondent,        )
                                             )
        vs.                                   )        No. SD33519
                                             )        Filed: June 5, 2015
FRANK JETT,                                   )
                                             )
                Respondent/Appellant.         )

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable William H. Winchester, III, Associate Circuit Judge

### REVERSED AND REMANDED WITH DIRECTIONS

This is an action for dissolution of marriage between Frank Jett and Johanna Jett.[1]  Frank appeals from the amended judgment of the trial court entered on July 22, 2014.  At trial, the parties contested custody of the two children born of the marriage.  The trial court entered a judgment of dissolution on July 22, 2014, but failed to make the findings required by section 452.375.6.[2]  The same day, the trial court entered an amended judgment of dissolution, also

---

[1] Because a portion of the involved parties share the same surname, for ease of reference we refer to the parties by their first names.  We mean no familiarity or disrespect.

[2] All references to statutes are to RSMo Cum.Supp. 2011, unless otherwise indicated.

failing to make the findings required by section 452.375.6.[3]  Frank thereafter filed a timely, authorized after-trial motion raising this issue, among others, as error, which the trial court overruled.

On appeal, Frank asserts in his first point relied on that the trial court erred in failing to make the findings required by section 452.375.6.[4]  We agree.

"[S]ection 452.375.6 requires a trial court to issue written findings based on the public policy of section 452.375.4 and the factors enumerated in section 452.375.2(1)-(8) detailing the specific reasons that the court made the chosen arrangement[]."  *Hightower v. Myers*, 304 S.W.3d 727, 735 (Mo. banc 2010).  While the court need not make a finding on every factor, the *relevant* factors must be detailed.  *Real v. Real*, 229 S.W.3d 619, 621 (Mo.App. S.D. 2007).

---

[3] Section 452.375.6 requires the trial court to issue written findings based on the public policy of section 452.375.4, and the factors enumerated in section 452.375.2(1)-(8).  The section 452.375.2 factors are:

> (1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;
> (2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;
> (3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;
> (4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;
> (5) The child's adjustment to the child's home, school, and community;
> (6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved.  If the court finds that a pattern of domestic violence as defined in section 455.010 has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law.  Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;
> (7) The intention of either parent to relocate the principal residence of the child; and
> (8) The wishes of a child as to the child's custodian.  The fact that a parent sends his or her child or children to a home school, as defined in section 167.031, shall not be the sole factor that a court considers in determining custody of such child or children.

§ 452.375.2.

[4] Frank also asserts error in four other points.  However, as point one is dispositive, we do not reach those additional points.

"Written findings, *detailing and discussing* all relevant factors, provide for meaningful appellate review." ***Id.*** (Emphasis in original).

Here, the trial court's judgment does not detail and discuss the facts pertaining to the relevant statutory factors. As a result, reversal and remand is the appropriate remedy. ***Id.***

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., C.J./P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs