**Michael W. BUCHANAN, Respondent,**

v.

**Barbara Jean BUCHANAN, Appellant.**

**No. WD 44580.**

Missouri Court of Appeals,
Western District.

April 21, 1992.

James J. Wheeler, Keytesville, for appellant.

Cynthia A. Suter, Kyser and Suter Law Office, Moberly, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Barbara Buchanan appeals from an order of the trial court modifying a decree of dissolution. She contends that the trial court erred by: (1) not calculating child support in accordance with Supreme Court Rule 88.01; and (2) denying her attorney's fees. The judgment is affirmed in part; reversed in part and remanded with directions.

The marriage of Barbara Buchanan and Michael Buchanan was dissolved on January 4, 1989. The decree dissolving the marriage provides for joint custody of the couple's two children, Brenda and Lance. Physical custody of the children was given to Barbara. Michael was ordered to pay $300.00 per month in child support, $150.00 per month per child, until the child enters college; then $200.00 per child per month paid directly to the child attending college. On May 30, 1990, Barbara filed a motion to modify the decree. In her motion Barbara asked for an increase in child support in conformity with Rule 88 and for her attorney's fees.

At the time of the hearing, Michael was employed as a bank vice president with an annual salary of approximately $45,000.00. Barbara's annual income was approximately $12,000.00. The daughter, the oldest child, was a resident student at William Jewell College. The cost of her tuition, room and board was shown to be $10,005.00. She received $11,529.00 in scholarships, grants and loans, $4,500.00 of which

she will be required to repay. The daughter has a car on which her father had made a $1,000.00 down payment and paid a couple of the $60.00 loan installments. The balance of the loan payments have been deducted from the portion of child support paid directly to the daughter. From time to time, Michael also provided some of her clothing in addition to the child support he was obligated to pay. Barbara primarily pays for the daughter's clothing and extras, testifying at the hearing that she had spent over eight hundred dollars in the first two months of the school year.

The son, the younger child, was a junior in high school at the time of the hearing. He worked part time, primarily in the summer, using the money he made for gasoline, insurance and other expenses. The son had the use of a car provided by his father. Beyond what Michael was required to pay in child support, from time to time he also provided clothing, he paid one-half the cost of a tutor and his present wife provided spending money to the son.

In the original dissolution action Barbara received marital property valued at $11,275.00 and was allocated $3,490.00 in marital debt to repay. Barbara has not remarried. Michael received marital property valued at $64,500.00 and assumed $78,553.00 in marital debts. Michael has remarried. His present wife is employed and receives child support for her child who lives with her and Michael.

The trial court entered its order modifying the dissolution decree on December 31, 1990. In its order the court found that the child support provided by the original decree was less than 80% of that provided for under the guidelines established by Rule 88.01. The court then modified the decree, awarding $300.00 per month for support of the daughter, $200.00 to be paid directly to her and $100.00 to be paid to Barbara, and $200.00 per month for support of the son. The aggregate amount awarded, $500.00, is less than the $734.00 sum reached by following the support guidelines. The court found that the guidelines were inappropriate under the circumstances of this case. Specifically, the court found:

Because of Petitioner's continuing obligation to pay marital debts at the rate of $675 per month, and the fact that the co-parenting plan places a non-specific obligation on Petitioner to maintain a co-parenting atmosphere, the fact that he has done so, and that the co-parenting of the children under the joint custody plan has worked to the benefit of both children, the Court concludes that the child support guidelines are inappropriate in this case.

Preliminary to this finding, the trial court made findings as to the income of the parties; the division of marital property and marital debt from the dissolution; the success of the joint custody plan; and the circumstances of the children. In particular, the court expressed the fear that the daughter's eligibility for grants and scholarships might be jeopardized by additional child support. From a review of the record, there was no evidence to support this finding.

Barbara appeals from the modification order, first claiming that the trial court erred in not awarding child support in accordance with Rule 88.01, because there is no evidence to support the trial court's finding that the support guidelines were inappropriate in the instant case. Review on this matter is done under the standards established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991). The trial court's decree will stand unless there is no substantial evidence to support it, it is against the weight of the evidence or it involves an erroneous application or declaration of the law. *Id.* Deference is given to the trial court's determination as to credibility and the evidence, with all inferences flowing therefrom, is viewed in the light most favorable to the judgment. *Id.*

Rule 88.01 provides:

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the parents;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child; and

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

■ Compliance with the terms contained in Rule 88.01 is mandatory. *Campbell v. Campbell*, 811 S.W.2d 504, 506 (Mo. App.1991). It is, therefore, mandatory that the trial court make a finding on the record that compliance with the guidelines is unjust or inappropriate where an amount awarded differs from that calculated using Form 14. *Id.* In the instant case, the trial court has complied with the strictures of Rule 88.01. Although the award of support differs from that calculated using Form 14, the trial court made a specific finding that the award contemplated by the guidelines would be inappropriate in the instant case. It is that finding which is under review. Once again, the appropriate standard of review is that established under *Murphy v. Carron, supra. See, Hamilton v. Hamilton*, 817 S.W.2d 937 (Mo. App.1991). In making the determination that the guidelines would be inappropriate, the trial court is required to use its discretion. *Id.* at 940.

■ Barbara suggests that for the calculations yielded by using Form 14 to be deemed inappropriate, there must be something extraordinary about the surrounding circumstances, something other than what is common to the general population. This is not the directive of Rule 88.01; it directs the trial court to decide whether its application would be "unjust or inappropriate."

■ This court may not substitute its judgment for that of the trial court as long as there is credible evidence to support the trial court's beliefs. *In re Marriage of Bruske*, 656 S.W.2d 288, 294 (Mo.App. 1983). This court will defer to the trial court's view of the facts even though the evidence might support a different result. *Grams v. Grams*, 789 S.W.2d 846, 849 (Mo. App.1990). Only where the trial court's ruling is clearly against the logic of the circumstances or is arbitrary or unreasonable will an abuse of discretion be found. *Mathews v. Chrysler Realty Corp.*, 627 S.W.2d 314, 318 (Mo.App.1982).

■ The trial court's order is supported by substantial evidence and is not an abuse of discretion with regard to the child support awarded for the daughter or with regard to its determination that the payments on marital debts by Michael render the calculations under Rule 88.01 unjust or inappropriate. The conclusion drawn by the trial court, that the amount of support calculated under Rule 88.01 was inappropriate, was based both upon the benefit to the children of Michael's co-parenting obligation and the debt Michael was obligated to pay. That portion of the order finding that the co-parenting plan justifies a deviation from the child support guidelines for support of the son, however, is against the logic of the circumstances presented by the instant case. The trial court recognizes the non-physical custodian's co-parenting efforts as admirable and seeks to encourage such efforts. As the trial court noted, children benefit from an atmosphere of cooperation between their parents. The application of such a concept to the facts of this case with regard to support for the son, as opposed to support for the daughter, however, results in an abuse of discretion. It fails to recognize the priority of first providing for the basic living needs of the parties' son.

With regard to the son, the only evidence of financial contributions beyond the ordered support was that Michael permitted the son to drive a vehicle titled in the father's name for which Michael bought out the interest of the daughter for $300.00; that Michael had paid one-half of the son's tutoring costs with no evidence of the amount paid; that Michael's present wife had given the son some spending money in an unknown amount and not on a regular basis; and that Michael "provided clothing for the children from time to time" with no evidence of frequency or amounts.[1] These financial contributions by the father are not sufficient evidence that he is providing such support under a co-parenting atmosphere to justify a reduction from the guideline computation of support, particularly in light of Barbara's income level and the necessary expenses for herself and the son. Barbara's net pay was $770.00 per month. Her uncontroverted testimony of expenses for herself and her son, excluding any expenses of the daughter at college, was $1,361.00. A review of her exhibit with a breakdown of the individual expenses confirms that the amounts were very modest. The trial court's award of $200.00 for the support of the son, rather than the $334.00 calculated from the guidelines when considering Michael's marital debt obligations,[2] is unreasonable.

■ In her argument on Point I, Barbara additionally asserts that it "appears the trial court erred in giving [Michael] the tax exemptions." In the original dissolution action, pursuant to the parties' property settlement agreement, it was ordered that Michael was entitled to declare the two children "as his dependents on his Federal and State income tax returns and to claim the accompanying deduction and tax credit...." In her motion to modify, Barbara asked the court to transfer these credits to her. The court denied that request.

If Barbara is attempting to raise this as a point of error, she has done so incorrectly. This point was not raised in the Points Relied On and is set forth without supporting authority. This point does not comply with Rule 84.04 and is thus deemed abandoned. *See Price v. American Bank of St. Louis,* 793 S.W.2d 593, 597 (Mo.App.1990).

■ In her second point, Barbara claims that the trial court abused its discretion by denying her request for attorney's fees. She alleges that, after consideration of all the relevant evidence, payment of said fees would not work a hardship upon Michael but would be beyond her resources. Section 452.355.1, RSMo Supp. 1986, provides:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior or to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

At the hearing Barbara testified that she had incurred about $500.00 in attorney's fees and had paid $250.00. Her testimony also reflected that she had the funds to pay such fees. No abuse of the trial court's discretion can be found under these facts. Point II is denied.

The order of the trial court modifying the decree of dissolution is affirmed in all respects save that portion ordering the payment of child support for the son based

---

1. Both parties filed copies of exhibits from the trial with the record on appeal. Although Michael had four exhibits identified at trial, none were offered or admitted in evidence and, therefore, are not evidence to be considered by the trial or appellate court. Even if the contents of Exhibit 2 could have been considered, there were still insufficient voluntary contributions by Michael to meet the son's basic living needs.

Eighty-three percent of the expenditures listed on Exhibit 2 were for the daughter.

2. This figure is the balance remaining after the $300.00 support ordered for daughter is subtracted from the $634 computed under Form 14 utilizing Michael's monthly gross income minus the payments on marital debts.

upon Michael's co-parenting obligation. The cause is remanded to the trial court with directions to modify the child support award to reflect a monthly amount of $634.00 to be paid by Michael: $300.00 per month for the support of the daughter, with $200.00 of that amount paid directly to the daughter; and $334.00 per month for the support of the son.

All concur.