Ricky Lynn WALLACE, Appellant,

v.

Kathryn D. FERREIRA, Respondent.

Ricky Lynn WALLACE, Respondent,

v.

Kathryn D. FERREIRA, Appellant.

Nos. WD 45135, WD 45178.

Missouri Court of Appeals,
Western District.

June 2, 1992.

John Thomas Kay, California, for appellant.

Edward C. Clausen, Jefferson City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Ricky Wallace appeals from a judgment modifying a child custody order denying his claim for child support against Kathryn Ferreira. Kathryn Ferreira appeals the denial of her request for attorney fees.

The parties' marriage was dissolved in the State of California in 1988. There was one child born of the marriage of the parties, Damon Lee Wallace, born January 30, 1985. Joint legal custody was awarded under the California decree, with primary physical custody to Ricky Wallace until the child completed the third grade. Neither of the parties were ordered to pay child support under the initial decree.

In January of 1990, Ricky Wallace registered the California decree in Missouri and sought to modify the decree seeking permanent physical custody and child support. Kathryn Ferreira filed a cross motion to modify seeking permanent physical custody and child support.[1]

The parties submitted this action to the trial court by way of a written stipulation. The parties agreed to joint legal custody with primary physical custody to Ricky Wallace and specific visitation for Kathryn Ferreira which included two months of

---

1. There was some question as to the finality of the California decree and the enforceability of the terms of said decree. Nonetheless, the parties stipulated to the jurisdiction of the trial court to take up this cause.

summer visitation. The parties further stipulated that the disputed issues of child support and attorney fees would be determined by the trial court on the basis of the exhibits submitted.

The parties stipulated to the admission of Ricky Wallace's Form 14 on the issue of child support and to the admission of the fees statements from Kathryn Ferreira's attorneys in regard to her request for attorney fees.

## WALLACE APPEAL

■ In his appeal, Ricky Wallace argues that the trial court erred by failing to order child support in the presumed amount in accordance with Rule 88.01 and Civil Procedure Form 14.

■ Rule 88.01 establishes a rebuttable presumption that the amount of child support calculated according to Civil Procedure Form 14 is the amount of child support to be awarded. To rebut the presumption, the court must enter a written or specific finding on the record that the amount so calculated is unjust or inappropriate after considering all relevant factors. Rule 88.-01; *Hamilton v. Hamilton*, 817 S.W.2d 937, 939–940 (Mo.App.1991). The terms of Rule 88.01 are mandatory. *Id.* at 939.

■ The party against whom the presumption operates must adduce evidence to show the application of relevant factors supports a finding that Form 14 should not be followed. *Id.* at 940. The standard of review for determining whether or not evidence has been introduced which would rebut the presumption is that the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* In a court tried case we review the evidence in the light most favorable to the judgment of the trial court. *King v. King*, 793 S.W.2d 200, 202 (Mo.App.1990).

In the case at bar, the only evidence before the court was that presented by the stipulation of the parties. The parties stipulated to the admission of Ricky Wallace's Form 14. In accordance with Form 14, Kathryn Ferreira's presumed child support was $223 per month.

Considering the evidence in the light most favorable to the judgment of the trial court, the only evidence to support a deviation from Form 14 was Kathryn Ferreira's two months of summer visitation. This evidence does not support the total elimination of child support as otherwise presumed under Rule 88.01 and Form 14. There was no substantial evidence to support the trial court's finding that, under the circumstances presented, it was inappropriate to order Kathryn Ferreira to pay any child support.

The judgment of the trial court denying child support is reversed. This cause is remanded to the trial court on the issue of child support with directions to enter an order directing Kathryn Ferreira to pay child support in the amount of $223 per month with said support obligation to abate during the months of July and August of each year.

## FERREIRA CROSS–APPEAL

■ In her cross-appeal, Kathryn Ferreira argues that the trial court erred by denying her request for an award of attorney fees.

■ The trial court has broad discretion on the issue of attorney fees, and only on a showing of an abuse of that discretion will an appellate court interfere with the trial court's judgment. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979).

The evidence before the trial court relevant to attorney fees was that supplied by Rick Wallace's Form 14 showing that he had a monthly income of $1,860 and that Kathryn Ferreira had a monthly income of $1,283. The parties also stipulated that Kathryn Ferreira had incurred attorney fees in the amount of $4,336.16.

Kathryn Ferreira's cross-appeal is without merit. The trial court did not abuse its discretion in refusing her request for attorney fees.

**574**

The judgment of the trial court denying Kathryn Ferreira's request for attorney fees is affirmed.

All concur.