**Brenda SNELL, Appellant,**

v.

**Francis G. SNELL, Respondent.**

**No. WD 50720.**

Missouri Court of Appeals,
Western District.

Feb. 20, 1996.

Millard Francis Aldridge, Kansas City, for appellant.

Michael J. Svetlic, Gladstone, for respondent.

Before ELLIS, P.J., and HANNA and SPINDEN, JJ.

SPINDEN, Judge.

Francis and Brenda Snell were divorced on June 2, 1993, after nearly 21 years of marriage. A year later, Brenda Snell asked the circuit court to increase her maintenance and the child support awarded to her in the dissolution decree. After a hearing, the circuit court increased Francis Snell's child support obligation but denied her request for increased maintenance. On appeal, Brenda claims that the child support award was inadequate and that the circuit court erred in denying her request for increased maintenance. We affirm the judgment as modified herein and remand with directions.

Two children were born during the marriage. One of them is emancipated, and the other, a daughter born on December 20, 1975, suffers spina bifida, a disease causing varying degrees of paralysis below the waist.

Brenda Snell filed her petition for divorce in March 1992. At that time, she earned $1000 per month. Francis Snell earned $4375 a month. The circuit court ordered joint legal custody of their daughter and granted Brenda Snell physical custody. The circuit court ordered Francis Snell to pay $757 a month in child support and $100 a month in maintenance.

On July 6, 1994, Brenda Snell asked the circuit court to modify these amounts on the ground that Francis Snell's income had increased since the divorce and expenses resulting from their daughter's condition had increased and because she would need more money for college. She alleged that she needed increased maintenance because she was spending much of her time caring for her daughter, and this was causing her to be increasingly absent from work.

The circuit court increased Francis Snell's child support obligation from $757 to $847 a month. It denied Brenda Snell's request for increased maintenance. Brenda appeals.

We agree, as Francis Snell concedes, that the circuit court miscalculated the presumed child support amount. The circuit court erroneously included a $100 spousal support deduction for Brenda Snell's maintenance, contrary to the Form 14 instructions. Both parties agree that the proper amount of presumed child support should be $855 per month. Thus, we remand the case with direction to the circuit court that it modify its judgment to order child support of $855 a month.

Brenda Snell claims that the circuit court erred in not awarding her more than the Form 14 presumed amount. She argues that the award was inadequate in view of her daughter's health problems and her former husband's increased income.

■ In its amended order, the circuit court increased Francis Snell's child support obligation "based upon the Exhibits, including Supreme Court Rule 88 and Form 14[.]" This indicates that the court considered the evidence and the child support guidelines in determining the proper amount of child support. The circuit court made no finding that the amount of presumed child support was unjust or inappropriate. Given the result reached by the court in this case and in the absence of any contrary indication from the record, we presume that the circuit court considered the relevant factors and determined that the presumed amount was not unjust or inappropriate.

■ Brenda Snell complains that the circuit court did not give adequate consideration to her evidence concerning the child's medical expenses and other costs. She said that the daughter suffers chronic diarrhea and has urinary problems which increase her costs for clothing, laundry, catheters, fiber pills, juices, and the like. She said that her mortgage costs had increased because after the divorce she moved to a larger, more expensive house. She acknowledged that the daughter had the problems before the divorce but said that her condition had worsened. The daughter had surgery in 1994 to relieve some of these problems. Brenda Snell presented no medical evidence and submitted no medical bills. Nor did she submit any unpaid bills relating to the daughter's care. She acknowledged that most of her daughter's medical expenses are covered by Francis Snell's health insurance, and she could not recall any uninsured medical expenses. She had not asked Francis Snell to reimburse her for any additional expenses incurred as a result of their daughter's condition.

Francis Snell agreed at the time of the divorce to pay 75 percent of any uninsured medical expenses and 75 percent of any airline and hotel costs incurred in getting the child medical treatment outside of the Kansas City area. After the divorce, he paid for airline and hotel costs associated with his daughter's medical treatment in Chicago. He also said that he planned to buy her a car.

Since filing the motion to modify, Brenda Snell has received $59,000 from a lawsuit and $10,000 from the sale of her house. She used $20,000 for a down payment on a new house, paid bills, and bought new furniture. Her income increased $216 a month after the divorce, and she had $21,000 in a bank account. She admitted that income and expense statements prepared by her show that her monthly expenses had increased only $100 a month since the divorce. Since the divorce, her daughter has begun receiving Social Security benefits of $213 a month. Francis Snell's mother is paying for the daughter's college tuition and loaned the mother $15,000. Viewing this evidence in the light most favorable to the circuit court's judgment, we discern no abuse of discretion in not awarding more than the Form 14 guideline amount.

Brenda Snell also contends that the court erred in refusing to award the increased child support retroactively to the date she filed her motion to modify. We disagree.

■ Section 452.340.1 authorizes the circuit court to order retroactive child support, but it does not require it. *Mistler v. Mistler,* 816 S.W.2d 241, 255 (Mo.App.1991). The circuit court's determination as to the effective date of a child support award will not be reversed without a clear showing of an abuse of discretion. *Porath v. McVey,* 884 S.W.2d

692, 697 (Mo.App.1994). We do not discern an abuse of discretion.

■ At the time of the modification hearing, the original child support order had been in effect for only 18 months. The couple's daughter had begun receiving Social Security benefits. Brenda Snell did not present any evidence of any unpaid medical bills and did not submit any other unpaid bills relating to the child's care.

■ Brenda Snell also contends that the circuit court erred in denying her request for increased maintenance. She claims that she is not able to meet her own needs and expenses because much of her time is spent caring for her daughter, and her job is in jeopardy because she must frequently be absent from work.[1]

■ Section 452.370, RSMo 1994, permits the circuit court to modify a maintenance order only when it finds evidence of changed circumstances so substantial and continuing as to make the existing terms unreasonable. The party seeking the modification has the burden of proving the changed circumstances. *In re Marriage of Parrett,* 793 S.W.2d 911, 914 (Mo.App.1990).

■ Although Francis Snell's income had increased since the divorce, an increase in income, alone, does not warrant an increase in maintenance. *Light v. Light,* 753 S.W.2d 628, 632 (Mo.App.1988). Brenda Snell's income also had increased. After filing the motion to modify, she received $69,000 from a lawsuit and the sale of her home. With a portion of these funds, she paid bills, purchased a new house and furniture. She presented no evidence of any bills that she was unable to pay.

■ The circuit court was free to weigh this evidence and assess credibility. *Orth v. Orth,* 637 S.W.2d 201, 206 (Mo.App.1982). We discern no abuse of discretion in the circuit court's refusal to increase maintenance.

We remand the case to the circuit court so it can correct its miscalculation of the Form 14 presumed child support amount. The

modified amount shall have the same effective date as the presumed child support awarded in the circuit court's February 1995 amended order and the circuit court shall order the father to pay the mother the difference for the months that she received $847 instead of $855. In all other respects, we affirm the circuit court's judgment.

All concur.

---

1. We review the point although her brief did not comply with Rule 84.04(d). She did not allege in her point relied on what basis she contended that the circuit court's ruling was erroneous.