**B.S.E. and Anthony Elliott, Plaintiffs–Appellants,**

v.

**Patricia GRANT, Respondent– Respondent.**

No. 72772.

Missouri Court of Appeals, Eastern District, Division Three.

July 7, 1998.

Byron Cohen, Clayton, for Plaintiffs–Appellants.

Mary Ann Weems, Clayton, for Respondent–Respondent.

KAROHL, Judge.

Appellant Anthony Elliot (Father), filed a petition pursuant to the Uniform Parentage Act to determine his father-child relationship with B.S.E., a girl born September 12, 1991.

Patricia Grant (Mother), answered and filed a cross petition. She prayed for the same declaration of paternity, as well as custody, and support retroactive to the date Father filed his petition. The trial court declared Father's paternity. It also granted Mother legal and physical custody, along with awards for child support and attorney's fees. Father appeals. We affirm in part and reverse and remand in part.

At trial, there was evidence the parties (Father, Mother, and B.S.E.) resided together after B.S.E.'s birth until Father left in 1995. When Father and Mother separated, they agreed to share custody of B.S.E. for an equal period of time. Each contributed one-half of B.S.E.'s day-care expenses. However, Mother testified that since May of 1996, Father had not contributed to the support of B.S.E.

There was conflicting testimony concerning B.S.E.'s private school education. Mother and Father both voiced a desire to send B.S.E. to a private school. They made appointments to visit three different schools. Mother testified that Father was impressed after visiting the first school, Wilson School, and had said there was no need to visit any other schools. She further testified that she and Father agreed to split the costs of B.S.E.'s education equally. Father, however, testified he never told Mother that he didn't care about looking at the other schools. Mother enrolled B.S.E. in Wilson School and asked Father to pay one-half of the school's tuition. He said while he agreed to pay half of B.S.E.'s education, he never agreed for her to attend or to pay half of the tuition to Wilson School. He has not contributed towards the cost of the child attending the school.

Both parents work for the Chrysler Corporation, although they work on different shifts. Mother works the evening shift, from 6:00 p.m. to 4:50 a.m. Mother admitted that she earned a higher hourly pay rate than Father, due to shift differential pay. Both parents have the same ability to work overtime. Mother testified her mother provides childcare for B.S.E. while Mother works. She pays $100 a week for the child care services. Father testified he has a disabled 23 year-old daughter from his former marriage and pays $360 per month in child support for this child by means of an income assignment. Father did not produce a Form 14 child support calculation. Mother did submit a Form 14. She also offered evidence of her attorney's fees.

The judgment declared Anthony Elliott to be the father of B.S.E. It awarded Mother primary physical care, custody, and control of her daughter. It awarded Father reasonable visitation rights and temporary custody. It issued its own Form 14 to support the judgment. It accepted the monthly gross income figures for the parties as suggested in Mother's proposed Form 14. It calculated her gross monthly income to be $3,363 and Father's to be $4,983. It adjusted Father's gross monthly income by subtracting $360 per month for court-ordered child support payment for his other daughter. It ordered Father to pay child support of $1,114 per month, retroactive to January 1, 1996. It ordered Mother to maintain medical insurance coverage for B.S.E., but ordered both parents to equally divide any uncovered medical, dental, orthodontic, psychological, optical, hospital, and prescription expenses for B.S.E. It also ordered Father to pay $2,500 on account of Mother's attorney's fees. Father appealed.

Father raises three points on appeal. He argues the trial court erred in: (1) its computation of his child support obligations; (2) making its child support award retroactive to January 1, 1996; and, (3) ordering Father to divide equally with Mother any uncovered medical expenses for B.S.E. We first address points one and three jointly.

■ The standard of review in a judge-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The decision of the trial court will not be reversed unless the decision is not supported by substantial evidence, is against the weight of the evidence or the court abused its discretion or misapplied the law. *McCreary v. McCreary*, 954 S.W.2d 433, 438–439 (Mo.App. W.D. 1997). In his first and third points of error, Father asks us to review the trial court's determination of child support. However, Father failed to file proposed Form 14 calcu-

lations. Both parties are required to submit Form 14 worksheets in every case of child support. *Woolridge v. Woolridge,* 915 S.W.2d 372, 380 (Mo.App. W.D.1996). Where a party fails to submit a Form 14 worksheet, that party is not entitled to appellate review of alleged error concerning the determination of child support. *Id.* To permit a party who did not file a Form 14 with the trial court to appeal child support decisions is akin to pursuing a different theory of recovery on appeal than was pursued at trial. *Ibrahim v. Ibrahim,* 825 S.W.2d 391, 398 (Mo.App.1992). Father's first and third points of error are denied.

Mother argues Father's second point of error should also be foreclosed by his failure to file a Form 14. We disagree because the pleadings did not request and the evidence did not support a finding of non-support between January 1, 1996, and May, 1996, and Father's petition was filed on September 12, 1996. "The purpose of child support is to provide for the needs of the child." *Farr v. Cloninger,* 937 S.W.2d 760, 763 (Mo. App. S.D.1997). A circuit court may order retroactive child support, but it is not statutorily required to do so. *Snell v. Snell,* 916 S.W.2d 414, 416 (Mo.App. W.D.1996). It has been held a trial court has no authority to modify child support retroactive to date before filing of motion to modify and service of summons. Section 452.370.6 RSMo Cum. Supp.1997; *Fulton v. Adams,* 924 S.W.2d 548, 553 (Mo.App. W.D.1996). We find no authority to enter an original order for support retroactive to a time not requested in the pleadings and not supported by evidence of non-support.

*In re Marriage of Kovach,* 873 S.W.2d 604, 607 (Mo.App. E.D.1993), we affirmed the trial court's retroactive application of child support because the award was supported by substantive allegations in the pleadings, was requested, and was supported by evidence at the trial. In the present case, Father filed his petition for declaration of paternity on September 12, 1996. Mother filed her answer and cross-petition on December 17, 1996. She asked for retroactive child support to the date when Father filed his petition. She testified, without objection,

to non-support from May, 1996, not earlier. She did not offer any evidence to support a finding of need for a retroactive award prior to May of 1996. A trial court may not award child support unless there is sufficient evidence to support finding the cost of providing such needs. *Halupa v. Halupa,* 943 S.W.2d 272, 276 (Mo.App. E.D.1997). In *Snell,* we affirmed the court's refusal to award retroactive child support because the movant offered no evidence of unpaid medical bills or any other unpaid bills relating to the child's care. *Snell,* 916 S.W.2d at 417. Likewise here, there is no evidence before the court regarding the needs of the [child] for whom the child support would be paid. The order of retroactive child support is modified as to May 1, not January 1, 1996.

We affirm in part and reverse and remand in part, to permit an amended judgment on the retroactive date for child support.

AHRENS, P.J., and CRANDALL, J., concur.