**Trissa Leeann HALL, Respondent–Appellant,**

v.

**Ted Wayne HALL, Appellant–Respondent.**

**Nos. 23579, 23600.**

Missouri Court of Appeals, Southern District, Division One.

June 27, 2001.

Motion for Rehearing or Transfer to Supreme Court Denied July 17, 2001.

James R. Sharp, Sharp & Bredesen, Springfield, for Appellant/respondent Ted Wayne Hall.

Randy J. Reichard, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for Respondent/appellant Trissa Leeann Hall.

PARRISH, Presiding Judge.

Ted Wayne Hall (father) appeals a judgment of civil contempt for his failure to pay maintenance. He also appeals the part of a modification judgment that set the amount of child support Trissa Leeann Hall (mother) was ordered to pay. His appeal is No. 23579. Mother appeals the part of the modification judgment that ordered her to pay certain post-secondary education expenses of the parties' children. Mother also appeals the trial court's failure to hold father in contempt for failing to pay marital debts allocated to him by the parties' dissolution judgment. Her appeal is No. 23600. This court consolidated those appeals. The contempt judgment directed to father's failure to pay maintenance is reversed and remanded for further proceedings on father's claim to recover maintenance paid following mother's remarriage. The modification judgment and the order denying mother's motion for contempt for father's failure to pay marital debts are affirmed.

The parties' marriage was dissolved February 26, 1999. The parties were awarded joint legal custody of their two children, Courtney Layne Hall and Kendal Leeann Hall. Father was awarded primary physical custody of Courtney. Mother was awarded primary physical custody of Ken-

dal. Neither party was ordered to pay child support. Father was ordered to maintain health insurance on both children. Father was ordered to pay maintenance to mother in the amount of $500 per month "for a period of twelve (12) consecutive months." He was further ordered to pay monthly mortgage payments on the marital residence that was awarded mother "for six (6) consecutive months."

Mother remarried April 7, 1999. Shortly after that time, Kendal began residing with father. Mother did not tell father or the children she had remarried until September 1999.

Mother filed a motion to cite father for contempt of court. The motion alleged that father willfully and purposely refused to abide by the dissolution judgment by failing to pay debts he had been ordered to pay; that father had failed to hold mother harmless as to those debts.

Father filed a pleading in response to mother's motion to hold him in contempt. It was filed August 10, 1999. It included a "Counter–Motion to Modify" in which he sought primary physical custody of both children and child support.

In September 1999, upon learning mother had remarried, father stopped paying maintenance. Thereafter, mother filed a motion to cite father for contempt for failure to pay maintenance as specified by the dissolution judgment. Father filed a responsive pleading that included a "Counter–Claim" which sought recovery of $2,500 he had paid as maintenance from the time mother remarried until he learned of the remarriage.

Following a hearing, the trial court found father in contempt for failure to pay maintenance. The trial court did not adjudge father in contempt for failure to pay debts the dissolution judgment directed that he pay. The trial court found "a

change of circumstances so substantial and continuing as to warrant a modification of the Judgment and Decree of Dissolution of Marriage." It found the best interest of the minor children required "that [father] and [mother] maintain joint legal custody of the minor children with [father] being designated as their primary physical custodian." Mother was ordered to pay child support to father in the amount of $178 per month. Father was ordered to continue maintaining the children on his policy of health insurance, and each parent was ordered to be responsible for one-half the children's health care costs not covered by the policy. The trial court further ordered that each parent pay one-half the expenses incurred by the children upon their "attending a post-secondary college, university, or vocational/technical school."

 This being a court-tried case, the appeals are governed by Rule 84.13. The judgment will be affirmed unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence or the judgment erroneously declares or applies the law. *In re Marriage of Petersen,* 22 S.W.3d 760, 763 (Mo.App.2000). This court views the evidence and permissible inferences that may be drawn therefrom in a light most favorable to the judgment. *Id.* An appellate court defers to the trial court's assessment of credibility of witnesses. *Robertson v. Robertson,* 15 S.W.3d 407, 411 (Mo. App.2000).

### Mother's Appeal

The trial court's findings with respect to mother's motion to hold father in contempt for failing to pay marital debts were:

. . .

4. While [mother] has received demand letters from the creditors . . . she has not been sued by any of those credi-

tors and still has remaining the legal remedy of an indemnification action against [father] with regard to those debts.

5. On or about February 7, 1999, [father] sold his one share of stock in Skateport, Inc. to his mother for $10,000.00 and is attempting to negotiate a settlement of the debts awarded to him by the Court's judgment of February 26, 1999, [the dissolution judgment] with the proceeds of this sale.

6. Contempt is not a proper method for enforcing the debt provisions of the Court's *dissolution judgment* in this case as it is barred by Article I, Section 11 of the Missouri Constitution which prohibits imprisonment for debt and because [mother] still has remaining legal remedies to enforce this provision of the Court's dissolution decree, namely and [sic] indemnification action against [father] should those creditors sue her on the aforementioned debts.

7. [Father's] failure to pay the debts awarded to him in [the dissolution judgment] ... was not wanton, willful, and malicious, and therefore not contemptuous, in that [father] has made a good faith effort to pay these debts by his recent sale of his stock in Skateport, Inc. and his attempts to negotiate a settlement of these debts with the proceeds of this sale.

Mother raises four points on appeal. The first three are directed to father's failure to pay obligations the dissolution judgment allocated to him. Point I contends the trial court erred by not holding father in contempt of court; that "the trial court erroneously applied and declared the law in that a party may be held in contempt of court for failure to make payments pursuant to the property provisions of a decree of dissolution of marriage." Point II asserts error in the trial court's

holding that mother was required to wait until sued by creditors before maintaining a contempt action against father. Point III claims the trial court erred in finding that father made good faith efforts to pay creditors and that his failure to pay the obligations allocated to him was not wanton, willful and malicious. Point III contends these findings were against the weight of the evidence and constituted erroneous declarations and applications of law. Points I, II and III will be addressed together.

The trial court held contempt was barred by constitutional prohibitions against imprisonment for debt because other legal remedies were available to mother to enforce the provisions of the dissolution judgment. It further found father's failure to pay the debts was not wanton, willful and malicious and, therefore, not contumacious because father had made good faith effort to pay the debts. If either basis is correct the judgment must be affirmed. *Air Evac EMS, Inc. v. Goodman,* 883 S.W.2d 71, 73 (Mo.App. 1994).

In order to be held in contempt for failure to pay an amount a dissolution judgment directed paid, a party must be financially able to pay that amount or have voluntarily placed himself or herself in a position that prevented compliance with the directive. *State ex rel. Stanhope v. Pratt,* 533 S.W.2d 567, 575 (Mo. banc 1976). The trial court did not enter a finding that father was not financially able to pay the marital debts assigned to him. Such a finding would, however, be consistent with the findings that father's failure to pay the debts was not wanton, willful and malicious and that he had made a good faith effort to pay the debts. Fact issues without specific findings are considered as having been found in accordance with the result the trial court reached. *Air Evac*

*EMS, Inc. v. Goodman, supra.* Thus, the trial court is deemed to have found father was not financially able to pay the marital debts assigned to him.

Father testified that his gross income averaged $2,400 per month. He submitted an exhibit that was admitted in evidence that showed expenses exceeding his income. Father told the trial court he had not been able to pay the debts assigned to him due to his living expenses exceeding his income. He sold a share of stock he received in the distribution of property from the dissolution to his mother for $10,000 as part of his efforts to raise money to pay the debts. Father told the trial court, "That's the only asset I had left."

At the time mother filed her motion to hold father in contempt for failing to pay marital debts assigned to him, father was paying her $500 per month maintenance. He was making monthly payments on the marital home that had been awarded to wife. Both children were residing with him. He and the children were living with his mother. Father was paying his mother $300 for his and the children's living expenses. There was sufficient evidence for the trial court to have found father did not have the ability to pay the marital debts; that he had not voluntarily placed himself in a financial position that precluded him from paying those debts. The record on appeal supports the trial court's order denying mother's motion to hold father in contempt on the basis that his failure to pay was not wanton, willful and malicious. The order denying mother's motion is affirmed on that basis. The constitutional question mother seeks to raise is moot. *Gross v. Gross,* 557 S.W.2d 448, 452–53 (Mo.App.1977). Points I, II and III are denied.

Point IV of mother's appeal is directed to the part of the modification judgment allocating costs for the children's college expenses. Point IV contends this was error because "this issue was not raised by either party in the pleadings." The modification judgment included the order "that both [mother] and [father] shall [sic] one-half of the cost each year for each child attending a post-secondary college, university, or vocational/technical school, state or private, . . . ."

■ Father's motion to modify the dissolution judgment sought primary physical custody of both children and reasonable child support from mother. At the evidentiary hearing on that motion, father testified that Courtney was a senior in high school; that she was "looking at college." He was asked, without objection, whether he was seeking "that both parties be responsible for one-half of any college expenses, room, board, tuition, books, fees, et cetera, less any scholarships or grants that the children receive." He answered that he was.

■ Failure to object to evidence on the ground that it is outside the scope of the pleadings results in automatic amendment of the pleadings to conform to the evidence as to the issue presented. *Wilson v. River Market Venture, I, L.P.,* 996 S.W.2d 687, 698 (Mo.App.1999). *See* Rule 55.33(b). The trial court had jurisdiction to enter the order directing the parties to share in post-secondary education expenses. *Leahy v. Leahy,* 858 S.W.2d 221, 226 (Mo. banc 1993). Point IV is denied. The part of the modification judgment declaring each party to be responsible for one-half of post-secondary education expenses is affirmed.

### Father's Appeal

Father's Point I is directed to the trial court's order holding him in contempt for failing to pay maintenance to mother after learning of her remarriage. Point I as-

serts the trial court erred in holding father in contempt because the maintenance terminated upon mother's remarriage; that the order holding father in contempt erroneously declared and applied the law.

■ Section 452.370.3[1] addresses the impact of death or remarriage on maintenance. It states, "Unless otherwise agreed in writing or expressly provided in the judgment, the obligation to pay future statutory maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." *See Cates v. Cates*, 819 S.W.2d 731, 734 (Mo. banc 1991). There was no agreement in writing between the parties that provided for maintenance to continue upon the remarriage of mother. The dissolution judgment is silent as to that issue. Section 452.370.3 applies in these circumstances. Father's Point I is granted. The order holding father in contempt for not continuing to pay maintenance upon learning of mother's remarriage should be reversed.

■ Father's Point II contends the trial court erred in not granting judgment for father on his claim against mother for maintenance paid after mother remarried.[2] For the reasons stated in determining Point I, father's obligation to pay maintenance terminated upon mother's remarriage. The trial court, therefore, erred in not considering father's claim for repayment. The case will be remanded for further proceedings to determine what amount of maintenance, if any, was received by mother following her marriage

and such further proceedings consistent with this opinion as may be required to decide father's claim.

Father's Point III is directed to the part of the trial court's modification judgment ordering mother to pay child support in the amount of $178 per month. Father contends this was error; that based on the evidence adduced, the presumed child support was $254 per month. He argues the trial court erred in ordering payment of a different amount because "the trial court did not specify its reasons for rebutting the presumed child support amount and reducing the child support award to $178.00 per month."

■ The trial court found:

The presumed child support obligation of [mother] of [sic] both minor children pursuant to Section 452.340.8 R.S.Mo., Supreme Court Rule 88.01 and Civil Procedure Form 14, as calculated by [mother] and adopted by this Court, is $254.00 per month and after consideration of all relevant factors, that amount is rebutted as being unjust or inappropriate, and it is appropriate that [mother] pay $178.00 per month.

■ *In re Marriage of Gerhard*, 985 S.W.2d 927 (Mo.App.1999), explains:

A child support provision will be upheld unless the trial court abused its discretion or erroneously applied the law. *Allen v. Allen*, 961 S.W.2d 891, 893 (Mo.App. W.D.1998). The trial court's

1. References to statutes are to RSMo Cum. Supp.1999.

2. The modification judgment did not expressly rule on father's claim for repayment of maintenance paid to mother after her remarriage. "It is, of course, preferable for the judgment to expressly rule each count of the claims presented. However, where a disposition of one issue necessarily constitutes a ruling on another, a judgment can be final

although the count necessarily ruled is not expressly decided." *Hulse v. Warren*, 777 S.W.2d 319, 320 (Mo.App.1989). By holding father in contempt of court for failing to pay maintenance after mother remarried, the trial court necessarily denied father's claim for reimbursement of maintenance paid following the remarriage. Thus, all claims were determined as required by Rule 74.01(b).

award of child support will not be disturbed on appeal "unless the evidence is 'palpably insufficient' to support it." *Id.* (quoting *Elliott v. Elliott,* 920 S.W.2d 570, 574 (Mo.App. W.D.1996)). Rule 88.01 establishes a rebuttable presumption that the amount of child support calculated according to Civil Procedure Form 14 is the amount of child support to be awarded. *Wallace v. Ferreira,* 830 S.W.2d 571, 573 (Mo.App. W.D.1992). To rebut the presumption, the court must enter a written or specific finding on the record that the amount so calculated is unjust or inappropriate after considering all relevant factors. *Id.* An appellate court will not substitute its judgment for that of the trial court on whether the presumed child support amount was unjust or inappropriate providing there is credible evidence to support the trial court's beliefs. *Buchanan v. Buchanan,* 828 S.W.2d 946, 949 (Mo. App. W.D.1992). An abuse of discretion will be found only where the trial court's ruling is clearly against the logic of the circumstances or is arbitrary or unreasonable. *Id.*

*Id.* at 930.

The trial court entered the required finding that after considering all the evidence, the amount calculated by Form 14 was unjust and inappropriate. No further statement is required.[3] This court's review of the record does not reveal that finding to be against the logic of the circumstances of the case or to be arbitrary or unreasonable. Point IV is denied.

### Dispositions

In No. 23579, father's appeal, the judgment of civil contempt against father for failure to pay maintenance is reversed. In No. 23600, mother's appeal, the order denying mother's motion to hold father in contempt for failing to pay marital debts is affirmed and the part of the modification judgment directing the parties to each pay one-half of the children's post-secondary education is affirmed. The case is remanded. The trial court is ordered to determine the issues raised by father's claim for maintenance paid to mother following her remarriage and to, thereafter, enter judgment consistent with this opinion.

SHRUM and MONTGOMERY, JJ., concur.

---

**3.** "Unless a request is filed pursuant to Rule 73.01(a)(3), a written finding or a specific finding on the record by the court ... that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct." Rule 88.01(b). The record on appeal reveals no request for findings as permitted by Rule 73.01(a)(3).